IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER PICKETT and MARSHAWN PEARSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br><br>EXEL INC. d/b/a DHL SUPPLY CHAIN,<br><br>　　　　　　　　Defendant. | Case No. 23 Civ. 1655 |

**ORDER GRANTING THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND DISMISSING CASE**

This matter comes before the Court on three motions: Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement; Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs, and Plaintiffs' Unopposed Motion for Approval of Service Awards (collectively, the "Motions"). Having considered the Motions and supporting memoranda and exhibits, including the parties' Settlement Agreement and Release ("Settlement Agreement"), and having heard the arguments of the parties at the Final Approval Hearing on August 22, 2023, the Court hereby FINDS as follows:

　　　　1.　　　This Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Settlement Class Members, and Defendant Exel Inc. d/b/a DHL Supply Chain ("DHL").

　　　　2.　　　The dissemination of Notice, as provided for in the Court's Order granting preliminary approval, ECF No. 23, constituted the best practicable notice under the circumstances to all Settlement Class Members and fully met the requirements of Fed. R.

Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law;

3. No Settlement Class Members objected to the Settlement;

4. No Class Members requested exclusion from the Settlement; and

5. The settlement is fair, reasonable, and adequate.

**IT IS THEREFORE ORDERED:**

6. Based on the Court's review of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, the Court grants final approval of the $2,700,000 settlement memorialized in the Settlement Agreement, ECF No. 13-2, and so orders all of its terms. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order.

7. The Court finds that the prerequisites and considerations of Fed. R. Civ. P. 23 are satisfied and confirms the preliminary certification, for settlement purposes only, of a class of individuals who applied for a non-exempt position with DHL Supply Chain between January 1, 2016, and December 31, 2021 (the "Class Period") and: (i) who are Black or African American or Hispanic, solely or in combination with other races; (ii) who received a conditional offer of employment from DHL Supply Chain; (iii) who were identified as having a background report showing a criminal history; and (iv) whose conditional offer employment with DHL Supply Chain was rescinded by DHL Supply Chain due, at least in part, to information contained on the background report or due to the Class Member's failure to fully disclose criminal history.

8. Consistent with the Court's preliminary approval findings, ECF No. 23, the Court concludes the Class is ascertainable and sufficiently numerous, the claims or defenses of the representative parties are typical of the claims or defenses of the class, the representative parties

will fairly and adequately protect the interest of the Class, there are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, and a class action settlement is a superior method of adjudication for this case.

9. Outten & Golden, which the Court previously appointed as Class Counsel under of Fed. R. Civ. P. 23(g), satisfies the adequacy requirements of Rule 23(e)(2)(A).

10. Named Plaintiffs Walter Pickett and Marshawn Pearson are appropriate class representatives and satisfy Fed. R. Civ. P. 23(a)(4) and 23(e)(2)(A) because they do not have "antagonistic or conflicting claims with other members of the class." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007).

11. The Settlement is the product of arm's length negotiation by experienced counsel.

12. The relief provided to the class is adequate considering the costs, risks, and potential delay of trial and appeal and the effectiveness of the proposed method of distributing relief to the Settlement Class Members.

13. The Settlement treats Settlement Class Members equitably relative to each other.

14. The Settlement is fair, reasonable, and adequate to the Plaintiffs and the Settlement Class Members, in their best interests, and in full compliance with all requirements of due process and federal law. The Settlement is finally approved in all respects and its terms and provisions shall be consummated.

15. The attorneys at Outten & Golden LLP, who prosecuted and settled this case, are experienced class action employment lawyers with good reputations among the employment law bar. The Court grants Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs and awards Class Counsel one-third of the Settlement Amount, or $900,000 in attorneys' fees, and $26,962.08 in costs and expenses reasonably expended litigating and resolving the lawsuit.

The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. These amounts shall be paid from the Total Settlement Amount.

16. The Court finds reasonable the Representative Service Awards in the amount of $15,000 each to the Plaintiffs in recognition of the services they rendered to Settlement Class Members and risks they took in prosecuting this case, and authorizes their distribution from the Total Settlement Amount.

17. The Court approves the Individual Settlement Payments to Plaintiffs, and Class Members.

18. The Court approves of any undistributed or uncashed/unnegotiated portion of the Net Settlement Amount paid to the agreed-upon cy pres recipient, the Safer Foundation. The Court finds that the Safer Foundation is an appropriate cy pres recipient.

19. The Court approves the payment of settlement administration fees and costs to the Settlement Administrator, Analytics Consulting, Inc., in accordance with the Settlement Agreement.

20. Within thirty (30) calendar days after the Effective Date, Defendants shall Pay the Settlement Fund of $2.7 million to the Settlement Administrator, as escrow agent.

21. Within thirty (30) days after the Effective date, the Settlement Administrator shall mail settlement checks to Class Member in accordance with the Settlement Agreement.

22. Upon the Effective Date, and except as to such rights or claims as may be created by the Settlement Agreement, each and every Class Member releases the DHL from the released class claims, on behalf of themselves and their heirs and assigns.

23. The Court hereby dismisses this action with prejudice, and all claims contained therein.

24. Final judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

25. The Court retains jurisdiction over the action solely for the purpose of overseeing the administration and enforcement of the terms of the Settlement and the Court's orders.

**IT IS SO ORDERED.**

Dated: 8/22/2023

_____
HONORABLE SHARON JOHNSON COLEMAN
UNITED STATES DISTRICT JUDGE

5